DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| JOSE A. RODRIGUEZ CRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>MAXWELL BRYAN, JONATHAN SANTIAGO, VICTOR GRAHAM, DIANE PROSPER, GOLDEN GROVE CORRECTIONAL FACILITY, and the GOVERNMENT OF THE U.S. VIRGIN ISLANDS,<br><br>    Defendants.<br>_____ | 1:16-cv-00020-WAL-EAH |

**TO:**   Jose A. Rodriguez Cruz, *pro se*
         **Lashanda J. Willis, Esq.**
             *On behalf of Defendant Maxwell Bryan*
         **Christopher M. Timmons, Esq.**
             *On behalf of Defendants Jonathan Santiago, Victor Graham, Diane Prosper, Golden Grove Correctional Facility, and the Government of the USVI*

**REPORT & RECOMMENDATION**

**THIS MATTER** comes before the Court on an Order referring the Motion to Dismiss or in the Alternative to Correct Misjoinder, Dkt. No. 69, filed by some of the named Defendants, to the undersigned for a Report and Recommendation ("R&R"). Dkt. No. 159. Plaintiff Jose Rodriguez Cruz ("Cruz"), appearing pro se, opposed the motion, Dkt. No. 86, and the Defendants filed a reply, Dkt. No. 91. For the reasons stated below, this Court recommends that the Motion to Dismiss be granted.

**BACKGROUND**

In April 2016, Cruz filed a Complaint pursuant to 42 U.S.C. § 1983 against Maxwell Bryan, a correctional officer at Golden Grove Adult Correctional Facility ("Golden Grove") on St. Croix; Jonathan Santiago and Victor Graham, correctional facility supervisors; Diane

Prosper, Acting Warden; the Golden Grove Adult Correctional Facility; and the Government of the U.S. Virgin Islands. Dkt. No. 1. He alleged that, following his conviction, he had been remanded to Golden Grove. *Id*. at 3. In the facility's intake unit, he was "homosexually physically attacked and physically assaulted by 3 inmates"; he resisted and was stabbed and beaten; and he immediately verbally reported the incident and sought medical attention, but it was denied. *Id.* Cruz was transferred to a lockdown unit where his injuries were untreated.[1] On August 31, 2015, Defendant Bryan punched him and threatened to have inmates stab him while he remained in lockdown. *Id*. at 3-4.

Cruz further alleged that he submitted numerous medical treatment request forms in relation to the assault. *Id*. at 5. He also submitted several grievances in which he reported the attack and threats by Bryan to Defendants Santiago and Graham, who took no action, permitted Bryan to work in his unit, and violated his right to safety. *Id*. The facility, knowing he was assaulted, neglected his serious medical needs, and deprived him of adequate medical treatment.[2] *Id.* He sought $3,300,000 in monetary damages. *Id*. at 8. The Complaint indicated that Cruz was suing the Defendants in their official and personal capacities. *Id.* at 2, 3.

Cruz moved to amend the complaint, Dkt. No. 31, which the then Magistrate Judge denied. Dkt. No. 32. The Defendants moved to dismiss for lack of jurisdiction, Dkt. No. 37,

---

[1] Cruz did not specify the date of this incident other than that it occurred on the night before he was relocated to the A Dorm Unit. Dkt. No. 1 at 4.

[2] Cruz adds that, months after the attack, he received medical treatment by Dr. Parks who prescribed 800 mg. of motrin twice daily and requested that x-rays be taken. Dkt. No. 1 at 8. On the day he was being relocated to St. Thomas's correctional facility, he received a document from Golden Grove acknowledging his grievances but no further information concerning them. *Id*.

which the district court denied, and directed the Defendants to answer or file a responsive pleading. Dkt. No. 65. Defendants Government of the Virgin Islands ("GVI"), inclusive of the Golden Grove Correctional Facility, Santiago, and Graham then filed the instant Motion to Dismiss or in the Alternative to Correct Misjoinder, in May 2021.[3] Dkt. Nos. 69, 70. They brought their motion under Fed. R. Civ. P. 12(b)(1), seeking to dismiss for lack of subject matter jurisdiction.

The Defendants argued that their motion presented a facial attack that challenged the sufficiency of the pleadings. Dkt. No. 70 at 3. The GVI (inclusive of Golden Grove) and the Defendants sued in their official capacities were not "persons" under 42 U.S.C. § 1983; they could only be sued for prospective injunctive relief. Dkt. No. 70 at 4-5. Since Cruz sought only money damages, the Court lacked subject matter jurisdiction over the GVI and the individuals sued in their official capacities, and those claims had to be dismissed. *Id.* at 5.

Secondly, Golden Grove did not have the capacity to be sued in its own name. *Id.* at 6. In *Gov. Juan F. Luis Hospital & Medical Center v. Titan Medical Group*, 69 V.I. 873 (2018), the V.I. Supreme Court considered whether the hospital was authorized by statute to be sued; finding no such indication in the statutory framework, the court concluded it was not a separate entity subject to suit and dismissed it from the case. *Id.* at 5-7. Golden Grove was a "mere facility" in the Bureau of Corrections, which itself was not an entity distinct from the

---

[3] In addition, Defendants Graham, Santiago, and Bryan filed separate answers to the complaint, Dkt. Nos. 71, 72, 74. The Government of the Virgin Islands moved to withdraw from representing Defendant Prosper, Dkt. No. 77, which it withdrew, Dkt. No. 83, and which the Court accepted, Dkt. No. 84. Defendant Prosper, represented by the Attorney General, later filed an answer. Dkt. No. 89.

executive branch of the Government. No statute allowed the Bureau of Corrections to sue or be sued in its own name; as a non-jural entity, it could not be a Defendant in this lawsuit. *Id.* Thus, Golden Grove must be severed pursuant to Fed. R. Civ. P. 21 and the caption amended, if the matter was not dismissed as to the GVI for lack of subject matter jurisdiction. *Id.* at 9.

In October 2021, Cruz filed a response to the motion to dismiss. Dkt. No. 86. He commented on the answers filed by Graham, Santiago, and Bryan, which he believed addressed the truth of his allegations. *Id.* at 1-3. He stated that he was a United States citizen and was protected under the Eighth Amendment from cruel and unusual punishment. *Id.* at 4. He referred to the Defendants' contention that they were entitled to qualified immunity and asserted that the Court had subject matter jurisdiction over his claims under § 1983. *Id.* at 6.

In their reply, the Defendants reiterated that because the GVI was not a person for purposes of § 1983, it could not be liable for damages; because Cruz made no attempt to address this argument, it should be deemed conceded. Dkt. No. 91 at 1. Nor did Cruz address the GVI's argument that the Bureau of Corrections was a non-jural entity without the capacity to be sued, and this argument should be deemed conceded as well. *Id.* at 2.

## DISCUSSION

Title 42, Section 1983, provides for a civil action alleging deprivation of a person's rights. In pertinent part, it states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

> and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Thus, a plaintiff seeking relief under § 1983 must prove "two essential elements: (1) that the conduct complained of was committed by a *person* acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Washington v. Hanshaw*, 552 F. App'x 169, 171 (3d Cir. 2014) (emphasis added).

It is well-settled that "the Government of the Virgin Islands, its agencies, and its employees sued in their official capacities are not 'persons' under 42 U.S.C. § 1983." *Tobal v. V.I. Police Dep't*, No. 10-cv-0062, 2022 WL 136841, at *12 (D.V.I. Jan. 13, 2022) (citing *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010) and *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("Congress did not intend to include Territories as persons who would be liable under § 1983")). This is because the Virgin Islands Government, its agencies—such as the Bureau of Corrections—as well as its officers acting in their official capacities are treated like States, not local governments, when sued for damages. *See id.* A suit "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against the State itself." *Id.* Accordingly, Cruz cannot seek money damages against them. He may only seek prospective injunctive relief, which he has not done. *Id.* n.10; *see also Brow v. Farrelly,* 994 F.2d at 1037 n.12 (3d Cir. 1993) (noting that Third Circuit could not rule out the possibility of "section 1983 actions for prospective injunctive relief against territorial officials in their official capacities"). Because the Court has no subject

*Rodriguez Cruz v. Bryan*
1:16-cv-00020-WAL-EAH
Report & Recommendation
Page 6

matter jurisdiction over the GVI and the Defendants in their official capacities sued for money damages, it must dismiss the claims against them. *Blyden v. Gov't of the V.I.*, No. 3:19-CV-0033, 2022 WL 1749943, at *4-*5 (D.V.I. May 31, 2022) (construing Rule 12(b)(1) motion as facial challenge and analyzing § 1983 claims against GVI under Rule 12(b)(1) for lack of subject matter jurisdiction), *aff'd sub nom. Blyden v. Virgin Islands Gov't*, No. 22-2127, 2022 WL 17749274 (3d Cir. Dec. 19, 2022). Cruz offered no contrary argument to any of this established case law supporting dismissal.

While the motion to dismiss was filed on behalf of Defendants GVI (inclusive of Golden Grove), Graham, and Santiago—Defendants Prosper and Bryan did not join in the motion—the "Wherefore Clause" of the motion sought dismissal of GVI and "*all* official capacity defendants" for lack of subject matter jurisdiction. Dkt. No. 70 at 9 (emphasis added). Because there is no jurisdiction over Defendants Prosper and Bryan sued in their official capacities under § 1983 for the same reason that there is no jurisdiction over Defendants Graham and Santiago sued in that capacity, the undersigned also recommends dismissal of the § 1983 claims against Defendants Prosper and Bryan in their official capacities. *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (affirming sua sponte dismissal of claim for lack of subject matter jurisdiction).

The Defendants argue that Golden Grove Correctional Facility is not a suable entity under Virgin Islands law and therefore must be dismissed as a Defendant. The more appropriate rationale for dismissal of Golden Grove is that it is not a "person" under § 1983. *See, e.g., Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar.

*Rodriguez Cruz v. Bryan*
1:16-cv-00020-WAL-EAH
Report & Recommendation
Page 7

11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010) (noting that, "[i]n the Third Circuit, it is well-settled that a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws," and extensively citing cases).

The Defendants did not move to dismiss the § 1983 claims against the individual Defendants sued in their individual capacities. Thus, the lawsuit will remain extant against them. *See Hafer v. Melo*, 502 U.S. 21, 23 (1991) ("[S]tate officials sued in their individual capacities are 'persons' for purposes of § 1983.").

## RECOMMENDATIONS

Accordingly, it is now hereby **RECOMMENDED** that Defendants' Motion to Dismiss, Dkt. No. 69, be **GRANTED**, and that Cruz's Complaint against Defendants Government of the Virgin Islands, Golden Grove Correctional Facility, and Defendants Graham and Santiago sued in their official capacities, be **DISMISSED** for lack of subject matter jurisdiction. It is further **RECOMMENDED** that Cruz's claims against Defendants Prosper and Blyden, sued in their official capacities, be **DISMISSED**, sua sponte, for lack of subject matter jurisdiction.

The Clerk of Court shall send a copy of this Report & Recommendation to the *pro se* Plaintiff via certified mail.

ENTER:

Dated: September 12, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE