# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JOSE A. RODRIGUEZ CRUZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 2016-0020 |
| ) | |
| MAXWELL BRYAN, JONATHAN ) | |
| SANTIAGO, VICTOR GRAHAM, ) | |
| DIANE PROSPER, GOLDEN GROVE ) | |
| CORRECTIONAL FACILITY, and ) | |
| GOVERNMENT OF THE U.S. VIRGIN ) | |
| ISLANDS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Appearances:**
**Jose A. Rodriguez Cruz**
St. Croix, U.S.V.I.
    *Pro Se*

**Lashanda J Willis, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant Maxwell Bryan*

**Christopher M. Timmons, Esq.**
St. Croix, U.S.V.I.
    *For Defendants Jonathan Santiago, Victor Graham, Diane Prosper, Golden Grove Correctional Facility, and Government of the U.S. Virgin Islands*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Jose A. Rodriguez Cruz's ("Plaintiff") failure to file a response to Defendants Jonathan Santiago, Victor Graham, and Diane Prosper's "Motion for Summary Judgment" (Dkt. No. 173); Plaintiff's failure to file a response to Defendant Maxwell Bryan's "Summary Judgment Motion" (Dkt. No. 175); and the lack of a response to the Report and Recommendation ("R&R") by Magistrate Judge Emile A. Henderson III (Dkt. No.

176), which recommends the dismissal of certain claims.[1] In light of Plaintiff's failure to foster direct and timely communication with the Court, making adjudication of the case impossible, this action will be dismissed, without prejudice, for failure to prosecute.

## I.     BACKGROUND

On April 26, 2016, Plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 against Defendants Maxwell Bryan, Jonathan Santiago, Victor Graham, Diane Prosper, Golden Grove Correctional Facility[2] ("Golden Grove") and Government of the U.S. Virgin Islands ("Government") (collectively, "Defendants"). (Dkt. No. 1 at 1). Plaintiff alleges that he was physically assaulted at Golden Grove and that Defendants denied him medical treatment following the incident. *Id.* at 3. Plaintiff further alleges that Defendant Bryan, a correctional officer, punched Plaintiff without sufficient justification and verbally threatened to have Plaintiff stabbed by the other inmates at Golden Grove. *Id.* at 3-4.

On May 27, 2021, Defendants Government, Golden Grove, Santiago and Graham filed a Motion to Dismiss, (Dkt. No. 69), arguing that the Court did not have jurisdiction over the claims against any Defendant in their official capacity. *Id.* Plaintiff filed a response opposing the Motion to Dismiss on October 7, 2021. (Dkt. No. 86). On September 12, 2023, Magistrate Judge Henderson issued an R&R recommending that the Motion to Dismiss be granted. (Dkt. No. 176). On September 14, 2023, and again on February 2, 2024, the Court sent a copy of the R&R, via

---

[1] The Court recognizes that no party, including Plaintiff, is obligated to file a response to an R&R. Nonetheless, the lack of a response under the circumstances here appears to be part and parcel of Plaintiff's general absence from this case as described further herein.

[2] The Golden Grove Correctional Facility is now known as the John A. Bell Adult Correctional Facility.

2

certified mail, to Plaintiff at a correctional facility in Mississippi—his only address listed on the docket at the time. (Dkt. Nos. 177, 179).

On August 14, 2023, Defendant Bryan and Defendants Santiago, Graham and Prosper filed Motions for Summary Judgment. (Dkt. Nos. 173, 175). On September 29, 2023, and again on February 5, 2024, the Court sent the motions, via certified mail, return receipt requested, to Plaintiff at his Mississippi address. (Dkt. Nos. 178, 180).

On February 8, 2024, Defendant Government filed a "Notice to the Court." (Dkt. No. 181). In the Notice, the Government informed the Court that Plaintiff was released from confinement on or about October 5, 2023, and had a new mailing address on St. Croix. *Id.* ¶¶ 1-2. Accordingly, in an Order dated February 27, 2024, the Court directed the Clerk's Office to send, via certified mail, return receipt requested, a copy of the Order, the R&R and the Motions for Summary Judgment to Plaintiff's St. Croix address. (Dkt. Nos. 182, 183).

In the Court's February 27th Order, the Court explained to Plaintiff that it was his responsibility to provide the Court with a proper mailing address to facilitate communication with the Court. (Dkt. No. 182 at 2-3). Nonetheless, the Court allowed Plaintiff additional time—up to and including March 18, 2024, and up to and including March 25, 2024—to file responses to Magistrate Judge Henderson's R&R and Defendants' Motions for Summary Judgment, respectively. *Id.* at 3. The Court advised Plaintiff that "**his failure to respond may result in the dismissal of his claims for failure to prosecute**." *Id.*

The Court has not received any response from Plaintiff. Instead, certified mail containing the Court's February 27th Order, a copy of the R&R and the Motions for Summary Judgment was returned to the Court as undeliverable and insufficient to forward. (Dkt. No. 185).

3

## II. DISCUSSION

Ordinarily, dismissals for failure to prosecute are governed by a balancing of the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). *See Higgs v. Lanigan*, No. 23-2851, 2024 WL 575104, at *2 (3d Cir. Feb. 13, 2024) (quoting *Poulis*, 747 F.2d at 868) ("In exercising its discretion to dismiss for failure to prosecute, a district court must first consider a variety of factors, including '(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.'")

However, "when a litigant's conduct makes adjudication of the case impossible, balancing under *Poulis* is unnecessary." *Bracy v. Marvinny*, No. CV 2020-0036, 2022 WL 17555529, at *2 n.2 (D.V.I. Dec. 9, 2022) (quoting *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 374 (3d Cir. 2005); *see also Ho v. Lower Merion Sch. Dist.*, No. 23-1259, 2024 WL 1007453, at *2 n.5 (3d Cir. Mar. 8, 2024) ("[I]n dismissing for failure to prosecute, [the *Poulis*] analysis is not required where a litigant makes adjudication impossible…."). Adjudication of the case becomes impossible when litigants fail to update their contact information with the Court and fail to respond to Court orders. *See Bracy*, 2022 WL 17555529 at *2 n.2 (noting that balancing under *Poulis* was not required to warrant dismissal for failure to prosecute because adjudication of the case was made impossible by, *inter alia*, the plaintiff's failure to update his mailing address and contact information with the Court*); Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624-25 (3d Cir. 2009) (finding that the litigant's abandonment of the case—where the litigant failed to respond to three pending motions despite the district court's grant of three *sua sponte* extensions of time—

made it impossible for the district court to proceed, warranting a dismissal for failure to prosecute); *see also Marin v. Biros*, 663 F. App'x 108, 110-11 (3d Cir. 2016) (explaining that *pro se* litigants "bear[] full personal responsibility for [their] litigation" and thus are "personally responsible for supplying the court with an address that would foster direct and timely communication with the court.").

Here, Plaintiff's conduct has rendered it impossible for the Court to adjudicate his case. Defendants' Motions for Summary Judgment and Magistrate Judge Henderson's R&R were filed in August 2023 and September 2023, respectively. In the months thereafter, Plaintiff has failed to respond to any of these filings or make any contact whatsoever with the Court. Further, Plaintiff has failed to update his contact information with the Court following his release from incarceration. As a result, some of the mail sent by the Court to Plaintiff at his address in Mississippi was returned as undeliverable. *See* (Dkt. Nos. 184, 186). Then, while Defendants voluntarily provided the Court with Plaintiff's new address after his release from confinement, the mail the Court sent to that address was also returned as undeliverable. *See* (Dkt. No. 185). In other words, notwithstanding multiple attempts, the Court's efforts to communicate with Plaintiff have been unavailing.

Plaintiff has failed to satisfy his responsibility of "supplying the court with an address that would foster direct and timely communication with the court," *Marin*, 663 F. App'x at 111, thus rendering "adjudication of the case impossible." *Bracy*, 2022 WL 17555529 at *2 n.2. Therefore, the Court will dismiss Plaintiff's claim without prejudice for failure to prosecute.

### III. CONCLUSION

In view of the forgoing, the Court will dismiss, without prejudice, this action for failure to prosecute. An appropriate Order accompanies this Memorandum Opinion.

Date: March 31, 2024 　　　　　／s／　　　　　
　　　　　　　　　　　　　　　WILMA A. LEWIS
　　　　　　　　　　　　　　　District Judge